# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

SHERRY BOLER,

    Plaintiff,

vs.     CIVIL ACTION NO. 17-00248-B

NANCY BERRYHILL,
Acting Commissioner of Social
Security,

    Defendant.

## ORDER

Plaintiff Sherry Boler (hereinafter "Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security denying her claim for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*. On May 10, 2018, the parties consented to have the undersigned conduct any and all proceedings in this case. (Doc. 23). Thus, the action was referred to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Upon careful consideration of the administrative record and the memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner be **AFFIRMED**.

I.   **Procedural History**[1]

Plaintiff filed her application for benefits on May 14, 2014. (Doc. 11 at 134). Plaintiff alleges that she has been disabled since February 1, 2013, due to "osteoarthritis, right foot, right hip," and high blood pressure. (Id. at 141, 144).

Plaintiff's application was denied and upon timely request, she was granted an administrative hearing before Administrative Law Judge Mary E. Helmer (hereinafter "ALJ") on March 10, 2016. (Id. at 37). Plaintiff attended the hearing with her counsel and provided testimony related to her claims. (Id. at 40). A vocational expert ("VE") also appeared at the hearing and provided testimony. (Id. at 50). On April 1, 2016, the ALJ issued an unfavorable decision finding that Plaintiff is not disabled. (Id. at 23). The Appeals Council denied Plaintiff's request for review on April 7, 2017. (Id. at 1-2). Therefore, the ALJ's decision dated April 1, 2016, became the final decision of the Commissioner.

Having exhausted her administrative remedies, Plaintiff timely filed the present civil action. (Doc. 1). The parties waived oral argument on May 10, 2018. (Doc. 22). This case is now ripe for judicial review and is properly before this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

---

[1] The Court's citations to the transcript in this order refer to the pagination assigned in CM/ECF.

**II. Issues on Appeal**

> **1. Whether the Appeals Council erred in failing to remand Plaintiff's case for consideration of additional evidence submitted after the ALJ's decision?**
>
> **2. Whether the ALJ erred in assigning great weight to the opinion of State Agency reviewer, Dr. Maria Wellman, M.D.?**
>
> **3. Whether the ALJ erred in finding Plaintiff's hypertension, diabetes, and osteoarthritis to be non-severe?**

**III. Factual Background**

Plaintiff was born on February 16, 1959, and was fifty-six years of age at the time of her administrative hearing on March 10, 2016. (Doc. 11 at 37, 141). Plaintiff graduated from high school and attended college for one year. (Id. at 145).

Plaintiff last worked from 2011 to 2012 at a convenience store/restaurant as a cashier/cook. (Id. at 41, 145). The job ended when the owner went out of business, and she has not applied for another job since that time. (Id. at 41). Prior to that, Plaintiff worked from 2003 to 2009 at a convenience store and gas station as a cashier/cook. (Id. at 145).

At her hearing, Plaintiff testified that she can no longer work due to pain from osteoarthritis in her hips and joints. (Id. at 42). Her medical treatment for osteoarthritis has consisted of taking medications, such as Aleve, Lortab, and Meloxicam, and steroid injections. (Id. at 119-21, 146, 223). She also has

3

diabetes, for which she takes insulin, and high blood pressure, for which she takes Lisinopril. (Id. at 42).

**IV. Standard of Review**

In reviewing claims brought under the Act, this Court's role is a limited one. The Court's review is limited to determining 1) whether the decision of the Secretary is supported by substantial evidence and 2) whether the correct legal standards were applied.[2] Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986). The Commissioner's findings of fact must be affirmed if they are based upon substantial evidence. Brown v. Sullivan, 921 F.2d 1233, 1235 (11th Cir. 1991); Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (holding substantial evidence is defined as "more than a scintilla, but less than a preponderance" and consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."). In determining whether substantial evidence exists, a court must view the record as a whole, taking into account evidence favorable, as well as unfavorable, to the Commissioner's decision. Chester v. Bowen, 792 F. 2d 129, 131

---

[2] This Court's review of the Commissioner's application of legal principles is plenary. Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).

(11th Cir. 1986); Short v. Apfel, 1999 U.S. Dist. LEXIS 10163, *4 (S.D. Ala. June 14, 1999).

V.   **Statutory and Regulatory Framework**

An individual who applies for Social Security disability benefits must prove his or her disability. 20 C.F.R. §§ 404.1512, 416.912. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); see also 20 C.F.R. §§ 404.1505(a), 416.905(a). The Social Security regulations provide a five-step sequential evaluation process for determining if a claimant has proven his disability. 20 C.F.R. §§ 404.1520, 416.920.

The claimant must first prove that he or she has not engaged in substantial gainful activity. The second step requires the claimant to prove that he or she has a severe impairment or combination of impairments. If, at the third step, the claimant proves that the impairment or combination of impairments meets or equals a listed impairment, then the claimant is automatically found disabled regardless of age, education, or work experience. If the claimant cannot prevail at the third step, he or she must proceed to the fourth step where the claimant must prove an inability to perform their past relevant work. Jones v. Bowen,

810 F.2d 1001, 1005 (11th Cir. 1986). At the fourth step, the ALJ must make an assessment of the claimant's RFC. See Phillips v. Barnhart, 357 F. 3d 1232, 1238 (11th Cir. 2004). The RFC is an assessment, based on all relevant medical and other evidence, of a claimant's remaining ability to work despite his impairment. See Lewis v. Callahan, 125 F. 3d 1436, 1440 (11th Cir. 1997).

If a claimant meets his or her burden at the fourth step, it then becomes the Commissioner's burden to prove at the fifth step that the claimant is capable of engaging in another kind of substantial gainful employment which exists in significant numbers in the national economy, given the claimant's residual functional capacity, age, education, and work history. Sryock v. Heckler, 764 F.2d 834, 836 (11th Cir. 1985). If the Commissioner can demonstrate that there are such jobs the claimant can perform, the claimant must prove inability to perform those jobs in order to be found disabled. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). See also Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing Francis v. Heckler, 749 F.2d 1562, 1564 (11th Cir. 1985)).

## VI. Discussion

### A. The Appeals Council did not err in failing to remand for consideration of the additional evidence submitted by Plaintiff.

In her brief, Plaintiff argues that the Appeals Council erred

6

in failing to remand her case on the basis of new opinion evidence from her treating physician, Dr. Huey Kidd. (Doc. 13 at 4; Doc. 11 at 15-16, 295-96). Plaintiff states that the Appeals Council admitted the new opinion evidence into the record but did not discuss it further. (Doc. 13 at 4). The Commissioner counters that the Appeals Council did not err in failing to grant review on the basis of Dr. Kidd's opinions, which were rendered *three weeks after* the ALJ's decision, because they were cumulative of the evidence that was before the ALJ and because substantial evidence supports the ALJ's decision. (Doc. 16 at 6). Having carefully reviewed the record in this case, the Court finds that Plaintiff's claim is without merit.

"With a few exceptions, the claimant is allowed to present new evidence at each stage of [the] administrative process." Ingram v. Commissioner of Soc. Sec. Admin., 496 F.3d 1253, 1261 (11th Cir. 2007). "Evidence submitted for the first time to the Appeals Council is determined under a Sentence Four analysis." Jack v. Commissioner of Soc. Sec., 2015 U.S. Dist. LEXIS 176372, *21, 2015 WL 10353144, *6 (M.D. Fla. Dec. 30, 2015), *report and recommendation adopted*, 2016 WL 706364 (M.D. Fla. Feb. 23, 2016) (citing Ingram, 496 F.3d at 1261). "The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence

7

currently of record.'" Ingram, 496 F.3d at 1261 (quoting 20 C.F.R. § 404.970(b)). "[W]hen a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." Id. at 1262. Evidence is material if it is "relevant and probative so that there is a reasonable possibility that it would change the administrative outcome." Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986).

In this case, Plaintiff submitted to the Appeals Council a Medical Source Statement ("MSS") (Physical) form completed by Dr. Huey Kidd, D.O., on April 27, 2016. In the MSS (Physical) form, Dr. Kidd opined that Plaintiff could sit, stand, and walk less than one hour in an eight-hour workday; could occasionally lift and/or carry up to five pounds; could occasionally perform gross or fine manipulation or operate motor vehicles; could rarely perform pushing and pulling movement; could never climb, balance, bend, stoop, reach or work with or around hazardous machinery; and that she would miss work more than three times a month. (Doc. 11 at 298). Plaintiff also submitted a Clinical Assessment of Pain ("CAP") form completed by Dr. Kidd on April 27, 2016. In the CAP form, Dr. Kidd opined that Plaintiff suffered from "virtually incapacitating" pain that prevented her from maintaining attention, concentration or pace for periods of at least two hours. (Id. at 299). Contrary to Plaintiff's argument, the Appeals

8

Council expressly considered this new evidence but found that it did not provide any basis for changing the ALJ's decision. (Id. at 5). Having reviewed the record evidence in this case, the Court agrees.

In her brief, Plaintiff points to evidence that, on July 30, 2014, two years *before* Dr. Kidd became her treating physician and completed the forms in question, he performed a consultative examination of her and noted that she was unable to heel/toe walk, unable to bend and touch her toes, and unable to squat and stand; that she walked with a limp on the right side; that she had right-sided osteoarthritis of the hip; that she was receiving injections and taking Meloxicam and Aleve as needed for pain; and that she could not return to work until she had a hip replacement.[3] (Doc. 11 at 239-40). Plaintiff also points out that, on May 2, 2014, she saw Dr. Bryan King, M.D., an orthopedist, and he recommended that she continue her anti-inflammatory medication and follow up with him if she decided to have surgery. (Id. at 236). Last, Plaintiff points out that Dr. Fitzgerald treated her for osteoarthritis from 2013 to 2015, that he gave her medications and injections, and that he noted that she reported being told that she needed hip replacement surgery. (Id. at 208-234, 248-61, 262,

---

[3] As discussed herein, x-rays taken two months earlier by Dr. King, on May 2, 2014, showed only "mild hip osteoarthritis." (Doc. 11 at 236).

9

263-84).

While there is no question that Plaintiff has been diagnosed with osteoarthritis in multiple sites, and that this condition results in tenderness, pain, and muscle spasms, the objective record evidence shows that Plaintiff's osteoarthritis during the relevant time period has been "mild." For example, two months *before* Dr. Kidd opined that Plaintiff could not return to work until she received a hip replacement, Dr. King, on May 2, 2014, examined Plaintiff and noted that she was in no acute distress, that she had no significant pain or tenderness with internal and external rotation of the hips, and that x-rays showed only "mild hip osteoarthritis." (Doc. 11 at 236). Dr. King encouraged Plaintiff to continue with the anti-inflammatory medication and advised her to follow-up with him if she decided on surgery. (Id.). Interestingly, while Plaintiff now argues that Dr. King recommended that she have hip replacement surgery, at her administrative hearing, she testified that Dr. King told her that, "if [she] wanted to be *pain free*," she was "going to have to have the surgery. . . ." (Doc. 11 at 45-46) (emphasis added).

The record also reflects that on November 14, 2014, Dr. Fitzgerald observed, "[w]e did x-rays of her cervical spine, lumbar spine, and right shoulder, and all of them show some mild arthritic changes, but nothing serious." (Doc. 11 at 253). Indeed, Plaintiff's treatment records during the relevant time period also

10

contain various notations indicating normal gait, largely normal overall physical findings, no muscle pain, no joint pain, no stiffness, and normal back, and they reflect that Plaintiff's medications and injections have provided some relief.[4] (Doc. 11 at 214, 217-18, 251, 258, 286, 290, 292, 296). Even Dr. Kidd's treatment records repeatedly show a normal gait, in no acute distress, and that Meloxicam was helping with pain. (Doc. 11 at 286, 289-90, 292-93, 296).

In her decision, the ALJ discussed Dr. Kidd's 2014 opinion that Plaintiff could return to work if she had hip replacement surgery and found the opinion to be completely inconsistent with the objective medical evidence showing only "mild" osteoarthritis. (Doc. 11 at 30-31). Given the substantial objective medical evidence detailed above, the Court finds that the ALJ properly gave little weight to Dr. Kidd's 2014 opinion. In addition, Plaintiff's new evidence, namely Dr. Kidd's 2016 opinion that Plaintiff cannot work due to her osteoarthritis, is merely cumulative of the same opinion offered in 2014 and is likewise inconsistent with the objective medical evidence that Plaintiff's osteoarthritis is "mild." Therefore, the new evidence from Dr. Kidd does not render the denial of benefits erroneous, and

---

[4] On January 27, 2016, Dr. Kidd noted that Plaintiff was in no acute distress and that "meloxicam has been helping with pain." (Doc. 11 at 292-93, 296).

11

Plaintiff has not established a reasonable possibility that Dr. Kidd's new opinion evidence would change the administrative outcome. Accordingly, the Appeals Council did not err in failing to grant review on the basis of Dr. Kidd's 2016 opinions, and, thus, Plaintiff's claim must fail.

### B. Substantial evidence supports the ALJ's assignment of great weight to the opinions of non-examining, State Agency reviewer, Dr. Maria Wellman, M.D.

Next, Plaintiff argues that the ALJ erred in assigning great weight to the opinions of non-examining, State Agency physician, Dr. Maria Wellman, M.D., that Plaintiff can perform light work. (Doc. 13 at 7). Plaintiff maintains that, because Dr. Wellman did not examine Plaintiff and did not have the benefit of all of Plaintiff's medical records at the time of her assessment, the ALJ erred in assigning her opinions great weight. (Id.). Defendant counters that substantial evidence supports the ALJ's assignment of weight to the opinion evidence in this case. The Court agrees that Plaintiff's claims are without merit.

As part of the disability determination process, the ALJ is tasked with weighing the opinions and findings of treating, examining, and non-examining physicians. In reaching a decision, the ALJ must specify the weight given to different medical opinions and the reasons for doing so. See Winschel v. Commissioner of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011). The failure to

do so is reversible error.  See Williams v. Astrue, 2009 U.S. Dist. LEXIS 12010, *4, 2009 WL 413541, *1 (M.D. Fla. 2009).

When weighing the opinion of a treating physician, the ALJ must give the opinions "substantial weight," unless good cause exists for not doing so.  Costigan v. Commissioner, Soc. Sec. Admin., 2015 U.S. App. LEXIS 2827, *10, 2015 WL 795089, *4 (11th Cir. Feb. 26, 2015) (citing Crawford v. Commissioner of Soc. Sec., 363 F.3d 1155, 1160 (11th Cir. 2004) and Broughton v. Heckler, 776 F.2d 960, 962 (11th Cir. 1985)).  However, the opinion of "a one-time examining physician — or psychologist" is not entitled to the same deference as a treating physician.  Petty v. Astrue, 2010 U.S. Dist. LEXIS 24516, *50, 2010 WL 989605, *14 (N.D. Fla. Feb. 18, 2010) (citing Crawford, 363 F.3d at 1160).  An ALJ is also "required to consider the opinions of non-examining state agency medical and psychological consultants because they 'are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation.'"  Milner v. Barnhart, 275 Fed. Appx. 947, 948 (11th Cir. 2008) (unpublished) (citing 20 C.F.R. § 404.1527(f)(2)(i)).  "The ALJ may rely on opinions of non-examining sources when they do not conflict with those of examining sources."  Id. (citing Edwards v. Sullivan, 937 F.2d 580, 584-85 (11th Cir. 1991)).

Whether considering the opinions of treating, examining, or non-examining physicians, good cause exists to discredit the

testimony of *any* medical source when it is contrary to or unsupported by the evidence of record. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). "Good cause may also exist where a doctor's opinions are merely conclusory, inconsistent with the doctor's medical records, or unsupported by objective medical evidence." Hogan v. Astrue, 2012 U.S. Dist. LEXIS 108512, *8, 2012 WL 3155570, *3 (M.D. Ala. 2012). The ALJ is "free to reject the opinion of any physician when the evidence supports a contrary conclusion." Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam) (citation omitted); Adamo v. Commissioner of Soc. Sec., 365 Fed. Appx. 209, 212 (11th Cir. 2010) (The ALJ may reject any medical opinion if the evidence supports a contrary finding.).

The record shows that on September 15, 2014, State Agency reviewer, Dr. Wellman, completed a Physical RFC assessment and opined that Plaintiff could occasionally lift/carry twenty pounds, frequently lift/carry ten pounds, stand/walk for approximately six hours in an eight-hour workday, and sit for approximately six hours in an eight-hour workday, concluding that Plaintiff is not disabled. (Doc. 11 at 60-61). The ALJ accorded great weight to Dr. Wellman's assessment, finding her opinions to be consistent with the medical evidence. (Id. at 32). The ALJ further concluded that the evidence received into the record *after* Dr. Wellman's assessment did not provide any new or material information that would significantly alter the findings related to Plaintiff's

14

functional limitations.[5]  (Id. at 32).

Based on the evidence detailed above, the Court finds that Dr. Wellman's opinions are consistent with the substantial medical evidence in this case and do not conflict with the credible opinions of any examining sources.  Therefore, the ALJ properly accorded them great weight.  See Harris v. Colvin, 2014 U.S. Dist. LEXIS 159749, *25, 2014 WL 5844240, *8 (S.D. Ala. Nov. 12, 2014).  Accordingly, Plaintiff's claim must fail.[6]

### C. The ALJ's finding that Plaintiff's hypertension, diabetes, and osteoarthritis were non-severe does not warrant remand.

In her brief, Plaintiff argues that the ALJ erred in failing to find that her hypertension, diabetes, and osteoarthritis are severe impairments.  (Doc. 13 at 8-9).  The Commissioner counters that the ALJ's failure to find that these impairments are severe at step two of the sequential evaluation process is, at best, harmless error given the ALJ's consideration of all of Plaintiff's impairments, including these, at the subsequent steps of the

---

[5] Although Plaintiff argues that Dr. Wellman did not have the benefit of all of her medical records at the time that she conducted her review, the ALJ did have the benefit of all of Plaintiff's medical records, and Dr. Wellman's opinions are consistent with the record as a whole.

[6] As previously discussed, Dr. Kidd's opinions that Plaintiff cannot work due to the incapacitating pain caused by her osteoarthritis are inconsistent with the substantial medical evidence in this case showing only "mild" osteoarthritis.  Therefore, the ALJ had good cause to discredit those opinions.

sequential analysis. The Commissioner further argues that the ALJ's RFC is supported by substantial evidence. (Doc. 16 at 8). Having carefully reviewed the record in this case, the Court finds that, assuming *arguendo*, that the ALJ erred in not finding some of Plaintiff's impairments to be severe, said error was harmless.

"At step two the ALJ must determine if the claimant has any severe impairment. This step acts as a filter; if no severe impairment is shown the claim is denied, but the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two." Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987). See also Tuggerson-Brown v. Commissioner of Soc. Sec., 572 Fed. Appx. 949, 951 (11th Cir. 2014) (per curiam) (unpublished) ("[W]e have recognized that step two requires only a finding of 'at least one' severe impairment to continue on to the later steps. See Jamison, 814 F.2d at 588. Further, the regulations state that the only consequence of the analysis at step two is that, if the ALJ finds no severe impairment or impairments, he should reach a conclusion of no disability. See 20 C.F.R. § 404.1520(a)(4)(ii). Here, the ALJ found multiple severe impairments and accordingly proceeded to step three of the evaluation. Based on our precedent and the regulations, therefore, it is apparent that there is no need for an ALJ to identify every

severe impairment at step two. Accordingly, even assuming that Tuggerson-Brown is correct that her additional impairments were 'severe,' the ALJ's recognition of that as a fact would not, in any way, have changed the step-two analysis, and she cannot demonstrate error below."); Bennett v. Astrue, 2013 U.S. Dist. LEXIS 115951, *14, 2013 WL 4433764, *5 (N.D. Ala. 2013) ("'[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe' and, even if the ALJ erred by not recognizing every severe impairment, the error was harmless since he found at least one such impairment."); Ferguson v. Astrue, 2012 U.S. Dist. LEXIS 139135, *25, 2012 WL 4738857, *9 (N.D. Ala. 2012) ("[B]ecause step two only acts as a filter to prevent non-severe impairments from disability consideration, the ALJ's finding of other severe impairments allowed him to continue to subsequent steps of the determination process and his failure to list headaches as severe does not constitute reversible error because, under the Social Security regulations, the ALJ at later steps considers the combined effect of *all* the claimant's impairments.") (emphasis in original).

In this case, the ALJ determined at step two of the sequential evaluation process that Plaintiff's obesity was a severe impairment, but that her hypertension, diabetes, and osteoarthritis were not severe impairments. (Doc. 11 at 25). The ALJ then proceeded with the subsequent steps of the determination

17

process and rendered an RFC finding, based on all of Plaintiff's impairments and the record as a whole.[7] (Doc. 11 at 27-31).

Accordingly, because the ALJ determined at step two that Plaintiff suffered from the severe impairment of obesity and then proceeded beyond step two in the sequential analysis to consider the combined effect of all the claimant's impairments, any error in failing to find that Plaintiff suffered from other severe impairments is rendered harmless. Gray v. Commissioner of Soc. Sec., 550 Fed. Appx. 850, 853-54 (11th Cir. 2013) (per curiam); see also Packer v. Commissioner, Soc. Sec. Admin., 542 Fed. Appx. 890, 892 (11th Cir. 2013) (per curiam); Heatly v. Commissioner of Soc. Sec., 382 Fed. Appx. 823, 824-25 (11th Cir. 2010) (per curiam).

Moreover, based on the record evidence detailed above, the Court is satisfied that substantial evidence supports the ALJ's

---

[7] In assessing the RFC, the ALJ expressly considered Plaintiff's hypertension, diabetes, and osteoarthritis, noting: "the treatment records indicated that the claimant's hypertension is generally well controlled when she is compliant with taking prescribed blood pressure medications. Furthermore, the record documents that the claimant was diagnosed with non-insulin dependent diabetes mellitus in February 2016. The treatment records document that the claimant reported that she felt much better once she started taking diabetes medication. The treatment records do not document significant functional limitations secondary to the claimant's diabetes. The longitudinal treatment records do not support the claimant's testimony that she has frequent urination and blurred vision. Moreover, the examination findings contained in the record indicate that the claimant has normal strength and no sensory deficits." (Doc. 11 at 31).

RFC determination that Plaintiff can perform a range of light work with the stated restrictions.[8]  Indeed, Plaintiff has pointed to no evidence in the record to indicate that her limitations exceed those in the RFC.  Therefore, for each of these reasons, Plaintiff's claim is without merit.

**VII. <u>Conclusion</u>**

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff's claim for a period of disability and disability insurance benefits be **AFFIRMED**.

**DONE** this **27th** day of **June, 2018.**

                                             **/s/ SONJA F. BIVINS**
                                             **UNITED STATES MAGISTRATE JUDGE**

---

[8] The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform a range of light work with the following restrictions: Plaintiff can never climb ladders, ropes or scaffolds, can never reach overhead with the right upper extremity, and must avoid all exposure to excessive vibration, unprotected heights or hazardous machinery.  (Doc. 11 at 26).